UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| KRISTA MARIE LIBBY | § | |
| | § | |
| vs. | § | CASE NO. 2:10-CV-114-TJW-CE |
| | § | |
| LYNN GENTRY, et al. | § | |

## MEMORANDUM OPINION AND ORDER

### I. Introduction

Pending before the court is defendants City of Trinity, Lynn Gentry, and Steve Jones's (collectively "Defendants") motion to transfer venue (Dkt. No. 11). Defendants contend that the Lufkin Division of the Eastern District of Texas is a more convenient forum than the Marshall Division of the Eastern District of Texas and, thus, seek to transfer venue pursuant to 28 U.S.C. § 1404(a). The court, having considered the venue motion and the arguments of both parties, GRANTS Defendants' motion to transfer venue because the balance of the "private" and "public" *forum non conveniens* factors demonstrate that the transferee venue is "clearly more convenient" than the venue chosen by Plaintiff. *See In re Volkswagen of Am., Inc.* (*Volkswagen II*), 545 F.3d 304, 315 (5th Cir. 2008) (en banc).

### II. Factual and Procedural Background

Plaintiff Krista Marie Libby resided in Trinity, Texas, which is in the Lufkin Division of the Eastern District of Texas, at the time she filed this suit. Since filing, however, Ms. Libby has relocated to Crowley, Texas, which is within the Fort Worth Division of the Northern District of Texas. Defendant City of Trinity ("the City") is located in Trinity County, Texas, and defendants

Steve Jones and Lynn Gentry also reside in Trinity, Texas. Defendant Alex J. Howard ("Howard") resides in Henderson, Texas, which is in the Tyler Division of the Eastern District of Texas.[1]

On March 31, 2010, Ms. Libby brought suit under 42 U.S.C. § 1983 in the Marshall Division of the Eastern District of Texas, alleging that Howard sexually harassed and assaulted her while she was detained in the City's jail. Ms. Libby also alleges that the City and its former police chief, Mr. Gentry, knew or should have known that Howard was unfit to be a police officer. Finally, Ms. Libby alleges that the current police chief of the City, Mr. Jones, has failed to change policies and procedures and did nothing to investigate Howard's behavior. On June 4, 2010, Defendants filed this motion to transfer venue to the Lufkin Division of the Eastern District of Texas, arguing that the Lufkin Division is a clearly more convenient venue than the Marshall Division (Dkt. No. 11).

## III.    Legal Standard

Change of venue is governed by 28 U.S.C § 1404(a). Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought." 28 U.S.C. § 1404(a). But a motion to transfer venue should only be granted upon a showing that the transferee venue is "clearly more convenient" than the venue chosen by the plaintiff. *Volkswagen II*, 545 F.3d at 315.

The threshold question in applying the provisions of § 1404(a) is whether the suit could have been brought in the proposed transferee district. *In re Volkswagen AG* (*Volkswagen I*), 371 F.3d 201, 203 (5th Cir. 2004). If the transferee district is a proper venue, then the court must weigh the relative conveniences of the current district against the transferee district. *Id.* In making the

---

[1]    Howard may no longer reside in Henderson, as recent attempts to deliver copies of orders to his residence failed (Dkt. No. 21).

2

convenience determination, the Fifth Circuit considers several "private" and "public" interest factors, none of which are given dispositive weight. *Id.* The "private" interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315. The "public" interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law." *Volkswagen II*, 545 F.3d at 315.

## IV. Analysis

### A. Proper Venue

The parties do not dispute that venue is proper in the Eastern District of Texas. The incident underlying Ms. Libby's claim occurred in the Eastern District of Texas, and Defendants reside in the Eastern District of Texas. Accordingly, venue is proper in all divisions within the Eastern District, including the Lufkin Division.

### B. Private Interest Factors

#### 1. *Relative Ease of Access to Sources of Proof*

The relative ease of access to sources of proof is the first "private" interest factor to consider. Defendants contend that the documents pertaining to Ms. Libby's arrest are maintained in the City's Police Department and that most, if not all, witnesses are located in Trinity and the surrounding area. According to Defendants, the Lufkin Division is approximately 53 miles from Trinity, while the Marshall Division is approximately 157 miles from Trinity. Furthermore, to travel from Trinity to

3

Marshall, a person would have to pass through Lufkin. Defendants, therefore, argue that the relative ease of access to sources of proof factor favors transfer to the Lufkin Division.

Ms. Libby does not deny the facts underlying Defendants' argument, but instead argues that the relative ease of access to sources of proof should be irrelevant, because the documentary evidence Defendants refer to is of marginal importance to her case. Even if Ms. Libby's arrest records are not necessary for her case, they may be important to Defendants' defenses. Furthermore, Ms. Libby claims that Howard assaulted and harassed other women, and that the City failed in hiring, training, supervising, evaluating, and disciplining its officers. Documentary evidence relating to past harassment and assaults, as well as evidence of the City's practices, will likely be found in the City's records.

In *Grimes v. Lufkin Indus., Inc.*, No. 2:09-CV-307-TJW, 2009 WL 5062053 (E.D. Tex. Dec. 16, 2009), the court was similarly confronted with a motion to transfer venue from the Marshall Division to the Lufkin Division. The court found that most of the sources of proof and documents were located in Lufkin, Texas. *Id.* at *2. The court, however, noted that Lufkin, Texas is only 95.8 miles away from Marshall, Texas. *Id.* As such, the court concluded that the relative ease of access to sources of proof factor weighed slightly in favor of transfer to the Lufkin Division. *Grimes* differs from the situation presented in this case because the City of Trinity is approximately 60 miles further away from the Marshall Division. Considering that the sources of proof in this case are located farther away from the Marshall Division than those in the *Grimes* case, the court concludes that this factor weighs in favor of transfer.

### 2. Availability of Compulsory Process

The next "private" interest factor is the availability of compulsory process to secure the attendance of non-party witnesses. A venue that has "absolute subpoena power for both deposition

4

and trial" is favored over one that does not. *Volkswagen II*, 545 F.3d at 316. Rule 45 of the Federal Rules of Civil Procedure limits the court's subpoena power by protecting non-party witnesses who work or reside more than 100 miles from the courthouse. *Id.*

Defendants contend that, since the events giving rise to the lawsuit occurred in Trinity, Texas, it is probable that several non-party witnesses residing in Trinity will be called to testify. And given that Trinity, Texas is approximately 157 miles from Marshall, Texas, the Marshall Division will lack absolute subpoena power over any witnesses residing in Trinity. Furthermore, Defendants specifically identify one non-party witness that resides outside the subpoena power of this court – Mr. Phil Patchett, the City manager at the time of the alleged incident, who is no longer employed by the City and resides in Trinity, Texas.

In *Grimes*, the parties failed to identify any non-party witnesses over which the Lufkin Division would have subpoena power as compared to the Marshall Division. *Grimes*, 2009 WL 5062053, at * 2. The court, therefore, found this factor to be neutral. Although Defendants have identified one non-party witness that resides outside of the subpoena power of this court, they fail to indicate what, if any, information he could provide that the City could not. Defendants do not contend the former city manager has any first-hand knowledge of the incident in question or any prior incidents. Considering this, the court concludes that Defendants have not sufficiently shown that any non-party witnesses live outside the absolute subpoena power of the court. As such, the court finds this factor to be neutral.

3. *Cost of Attendance for Willing Witnesses*

Next, the court must weigh the cost for witnesses to travel to and attend trial in the Marshall Division versus the Lufkin Division. The Fifth Circuit has explained:

> [T]he factor of inconvenience to witnesses increases in direct relationship to the
> additional distance to be traveled. Additional distance means additional travel time;
> additional travel time increases the probability for meal and lodging expenses; and
> additional travel time with overnight stays increases the time which these fact
> witnesses must be away from their regular employment.

*Volkswagen I*, 371 F.3d at 205. The court must consider the convenience of both the party and non-party witnesses. *See id.* at 204 (requiring courts to "contemplate consideration of the parties and witnesses"); *Fujitsu Ltd. v. Tellabs, Inc.*, 639 F. Supp. 2d 761, 765-66 (E.D. Tex. 2009).

Defendants argue that the Lufkin Division is significantly more convenient than the Marshall Division for all witnesses involved. As mentioned above, the Lufkin Division is approximately 53 miles from Trinity, while the Marshall Division is approximately 157 miles from Trinity.[2] That means that willing witnesses residing in Trinity, Texas, as well as the defendants residing in Trinity, Texas, will be forced to drive approximately 208 extra miles round-trip if the case is maintained in Marshall as opposed to transferred to Lufkin. The Lufkin Division, however, is approximately 12 miles further from Crowley, Texas than the Marshall Division. As such, a transfer to the Lufkin Division would increase Ms. Libby's round-trip travel by only approximately 24 miles.[3]

In *Grimes*, the court held that the cost of attendance for willing witnesses factor weighed slightly in favor of transfer to the Lufkin Division because the vast majority of the witnesses resided in the Lufkin Division. *Grimes*, 2009 WL 5062053, at * 2. Just as in *Grimes*, the vast majority of pertinent witnesses in this case will undoubtedly reside in or near the Lufkin Division – i.e., in Trinity, Texas. And, as illustrated above, the burden on those witnesses, and the defendants living

---

[2] The Fifth Circuit has strictly enforced its 100-mile rule. *See Williams v. Toyota*, 2:07-cv-00442-TJW-CE, Dkt. No. 166 (E.D. Tex. Jan. 12, 2009) (granting writ of mandamus regarding transfer from Marshall Division to Sherman Division).

[3] Furthermore, assuming that defendant Howard still resides in Henderson, Texas, a transfer to the Lufkin Division would increase his round-trip travel by approximately 40 miles. It also bears mentioning that Mr. Howard would be within the absolute subpoena power of either court.

in Trinity, Texas, will be decreased if this case is transferred to the Lufkin Division. The court, therefore, concludes that this factor slightly weighs in favor of transfer to the Lufkin Division.

    4.  *Other Practical Problems*

Practical problems include issues of judicial economy. However, this case is in its infancy, and no practical problems exist that should deter transfer to the Lufkin Division. As such, this factor is neutral.

  **C.**  **Public Interest Factors**

    1.  *Court Congestion*

In its § 1404(a) analysis, the court may consider how quickly a case will come to trial and be resolved. However, Ms. Libby does not contend that transfer of the case to the Lufkin Division would increase the time to trial. As such, this factor is neutral.

    2.  *Local Interest*

The court must consider local interest in the litigation, because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d at 206 (5th Cir. 2004). Interests that "could apply virtually to any judicial district or division in the United States" are disregarded in favor of particularized local interests. *Volkswagen II*, 545 F.3d at 318.

Both parties agree that the Lufkin Division has a much stronger local interest in the outcome of this case than the Marshall Division. All of the events giving rise to this case happened in Trinity, Texas, which is in the Lufkin Division. Furthermore, the county in which Trinity sits is one of the counties comprising the Lufkin Division's jury pool. Ms. Libby, however, argues that the undisputed, strong local interest in this case actually counsels against transfer because the jurors of the Lufkin Division will certainly be biased against her case. According to Ms. Libby, the tax-

7

payers of Trinity County, which is within the Lufkin Division's jury pool, would be biased against her case because the City of Trinity may increase sales taxes due to this litigation. Thus, Ms. Libby urges the court to find that the fact that the Lufkin Division has a strong local interest in the outcome of this case actually weighs against transfer.

In *Grimes*, the court found that "[w]hile there *might be* more "local" interest in the Lufkin Division rather than the Marshall Division, all of the underlying actions in this case occurred in the Eastern District of Texas." *Grimes*, 2009 WL 5062053, at * 2 (emphasis added). The court, therefore, found the local interest factor to be neutral. *Id.* In *Grimes,* the defendant was Lufkin Industries, Inc. Lufkin Industries is a corporation that conducts business all over the world, a fact which greatly dispersed any interest in the outcome of the case. Considering that this case, however, involves the acts of the City of Trinity's management and law enforcement, the citizens of Trinity County will undoubtably have a great interest in the resolution of Ms. Libby's lawsuit. Therefore, since Trinity County is one of the counties comprising the Lufkin Division's jury pool, the court concludes that this factor weighs in favor of transfer to the Lufkin Division.

### 3. *Familiarity with the Governing Law*

One of the "public" interest factors is "the familiarity of the forum with the law that will govern the case." *Volkswagen I*, 371 F.3d at 203. Both the Marshall Division and the Lufkin Division are familiar with the applicable law, and thus this factor is neutral.

### 4. *Avoidance of Conflict of Laws*

No conflict of laws issues are expected in this case, so this factor does not apply.

## V. Conclusion

Considering all of the "private" and "public" interest factors, Defendants have met their burden to show that the Lufkin Division of the Eastern District of Texas is "clearly more

convenient" than the Marshall Division of the Eastern District of Texas. All of the factors either weigh in favor of transfer or are neutral. As such, Defendants' motion to transfer venue is GRANTED.

SIGNED this 31st day of March, 2011.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE